IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. STEPHANO LEE WEILACKER

**Circuit Court for Montgomery County**
**No. 40700673**

_____

**No. M2016-00546-CCA-R3-CD**

_____

TIMOTHY L. EASTER, J., concurring in part and dissenting in part.

I agree with majority's conclusion that after plenary review, Defendant is not entitled to relief on the suppression issues regarding his detention and arrest. I further agree with the majority's conclusion that Defendant is not entitled to plain error relief on the indictment issue. However, I respectfully disagree that Defendant is entitled to a new trial for statements made by the prosecutor during closing argument.

First, I would note that Defendant failed to raise a contemporaneous objection to these statements at trial, which would provide a ground for waiver of the issue independent of Defendant's motion for new trial woes. *See* Tenn. R. App. P. 36(a); *State v. Jordan*, 325 S.W.3d 1, 58 (Tenn. 2010) (noting that "defense counsel's failure to object contemporaneously [to improper prosecutorial argument] will constitute a waiver of the issue on appeal"); *State v. Fusco*, 404 S.W.3d 504, 519 (Tenn. Crim. App. 2012); *but see State v. Hawkins*, 519 S.W. 3d 1, 48-49 (Tenn. 2017) (choosing to utilize plenary review in a death penalty case for two alleged instances of improper prosecutorial argument despite failure to object where issues were raised in a motion for new trial). However, this Court has been specifically directed by the Tennessee Supreme Court to conduct a plenary review of the issue.

Even under a plenary review standard, I do not believe that the prosecutor's statements were "'so inflammatory or improper that it affected the outcome of the trial to the defendant's prejudice.'" *Hawkins*, 519 S.W. at 48 (quoting *State v. Banks*, 271 S.W.3d 90, 131 (Tenn. 2008)). The prosecutor was relating the fact that Mr. Selby had an incentive to tell the truth due to his plea agreement, even if the prosecutor used slightly more colorful language than was strictly necessary when he referred to what would happen if Mr. Selby "f[ed] [him] a bunch of bologna." *See id.* (quoting *Banks*, 271 S.W.3d at 131) (noting that "'prosecutors, no less than defense counsel, may use colorful and forceful

- 1 -

language in their closing arguments, as long as they do not stray from the evidence and the reasonable inferences to be drawn from the evidence, or make derogatory remarks or appeal to the jurors' prejudices'"). In looking at the five factors used to determine whether improper prosecutorial argument constitutes reversible error, *see id.* (quoting *State v. Jackson*, 444 S.W.3d 554, 591 n.50 (Tenn. 2014)), I would note that the trial court took no corrective action because of Defendant's failure to object,[1] that the intent of the prosecutor was to respond directly to defense counsel's argument regarding Mr. Selby's credibility, and that there were no other substantial errors during the course of the trial with which the statement would have had a cumulative effect. As to the strength or weakness of the case, I disagree with the majority's conclusion that the prosecutor's argument alone substantially altered the jury's consideration of Mr. Selby's credibility such that without it they may have convicted Defendant of only facilitation. This Court has already determined that Mr. Selby's testimony was adequately corroborated and that the evidence introduced at trial was sufficient to sustain Defendant's convictions under a theory of criminal responsibility. *Weilacker I*, 2011 WL 743416, at \*5. "'[F]leeting comments that passed without objection during the rough-and-tumble of closing argument in the trial court should not be unduly magnified when the printed transcript is subjected to painstaking review in the reflective quiet of an appellate judge's chambers.'" *Banks*, 271 S.W.3d at 132 n.30 (quoting *United States v. Mullins*, 446 F.3d 750, 758 (8th Cir. 2006)). Moreover, the trial court instructed the jury that the arguments of counsel are not evidence, and juries are presumed to follow the trial court's instructions. *See State v. Butler*, 880 S.W.2d 395, 399 (Tenn. Crim. App. 1994). Our supreme court has instructed that "[a]n appellate court should not lightly overturn a criminal conviction 'solely on the basis of the prosecutor's closing argument,'" *Hawkins*, 519 S.W.3d at 48 (quoting *Banks*, 271 S.W.3d at 131), and I would not do so in this case.

_____
TIMOTHY L. EASTER, JUDGE

---

[1] "A contemporaneous objection provides the trial court with an opportunity to assess the State's argument and to caution the prosecution and issue a curative instruction to the jury if necessary." *Jordan*, 325 S.W.3d at 57-58. Only "when flagrantly improper arguments are made" is a trial court required to sua sponte "step in and take proper curative action." *Banks*, 271 S.W.3d at 132.